**IN THE COURT OF APPEALS OF IOWA**

No. 22-0179
Filed March 30, 2022

**IN THE INTEREST OF G.K.,**
**Minor Child,**

**C.P., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker

Parry, District Associate Judge.


The mother appeals the order terminating her parental rights. **AFFIRMED.**


Jessica R. Noll of Deck Law Firm, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Lesley Rynell, Sioux City, attorney for minor child.

Amy Skinner, Sioux City, guardian ad litem for minor child.



Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

The mother of this two-year-old child struggles with substance-abuse and mental-health issues.  After lack of progress in fixing these issues, the juvenile court terminated the mother's parental rights.  She appeals.  On appeal she raises three issues: (1) the State failed to prove the grounds for termination under Iowa Code section 232.116(1)(h) (2021); (2) termination was not in the child's best interests; and (3) the mother should have been granted additional time to work toward reunification.

We review termination-of-parental rights cases de novo.  *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).  This means we are not bound by the juvenile court's factual findings, but we give them weight, especially regarding credibility determinations.  *Id.*

> Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis.  The first step is to determine whether any ground for termination under section 232.116(1) has been established.  If we find that a ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights.  Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights.

*In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (internal citations omitted).  We need not address any step the parent does not raise on appeal.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

I.      **Statutory Grounds**

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h).  The mother only challenges termination

under paragraph (h). Because she does not challenge termination under paragraph (e), we affirm on that ground and it is unnecessary to address paragraph (h). *See In re G.N.*, No. 20-1128, 2020 WL 7022388, at *1 (Iowa Ct. App. Nov. 30, 2020) (holding failure to challenge one of the grounds for termination permits us to affirm on that ground without analyzing other grounds challenged). Although it is unnecessary for us to address termination under paragraph (h), we note that our review of the record convinces us the challenge on that ground lacks merit. Paragraph (h) permits termination when the following elements are established:

> 1)  The child is three years of age or younger.
> (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The only element the mother challenges on appeal is the final one. In her petition on appeal, she asserts that she was able to resume care of the child. This assertion directly contradicts her testimony at the termination hearing, during which she acknowledged the child could not be returned to her custody at the time. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Given this admission, we find that the State established the ground for termination under paragraph (h).

**II.     Best Interests**

In order to terminate a parent's rights, the State must prove termination is in the child's best interests.   *See* Iowa Code § 232.116(2) (stating that, in determining the bests interests of the child, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child").   The juvenile court determined that the State proved termination is in the child's best interests.   The mother challenges this finding.

Following our de novo review, we agree with the juvenile court.  By the time of the termination hearing, the child had been removed from the mother's care for approximately fifteen months—approximately half of the child's life.  The child was removed from the mother's care due to the mother's mental-health issues and her abuse of methamphetamine.   After removal, the child never returned to the mother's care because the mother never adequately addressed the mental-health and methamphetamine problems that prompted the removal.  She also failed to secure stable housing and had no housing at the time of the hearing.  In contrast, the child was thriving in the home of the child's maternal aunt.   Under these circumstances, we agree that termination was in the child's best interests.

**III.     Additional Time**

If the juvenile court decides not to terminate parental rights, it has the option of entering a permanency order implementing one of the permanency options provided for in section 232.104.   Iowa Code § 232.117(5).   One of those permanency options is to give a parent an additional six months to work toward

reunification. Iowa Code § 232.104(2)(b). In order to utilize that permanency option, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

The mother asserts the six-more-months option should have been implemented here. We disagree. She has had more than one year to address both her substance-abuse and mental-health issues, but she neglected to do so. She has failed to follow through with recommended treatment and has been discharged unsuccessfully from several programs since the child was removed. The mother points to the fact that she started attending Alcoholics Anonymous meetings the week before the termination hearing. We are not persuaded that this last-minute effort shows that the mother has turned a corner that will lead to reunification within six months. *See In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding efforts "of very recent origin" to be an unpersuasive "eleventh hour attempt to prevent termination").

In addition to her unchecked substance-abuse and mental-health problems, the mother also has criminal charges that pose impediments to reunification. She spent time in jail while the juvenile proceedings were pending and was only released a few days before the termination hearing. At the time of the hearing, she had an outstanding warrant for her arrest. These looming criminal problems add another layer of uncertainty that contributes to our conclusion that a six-month extension is not warranted.

We find it unlikely the mother will be able to—within six months—address her mental-health issues, substance-abuse issues, and criminal issues to a sufficient degree to allow reunification within that time period. This is because the mother has been unable to solve these problems in the past, and we can look to the past lack of success as a predictor of future behavior. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting that a parent's past performance "may be indicative of the quality of the future care that parent is capable of providing" (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000))). Further, even if the mother is able to overcome those obstacles, she also has to stabilize her employment and housing—things she has historically been unable to accomplish.

After considering the circumstances, we are not convinced that the need for the child's removal will no longer exist if the mother were given an additional six months. The child deserves stability and permanency now. *See id.* at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *P.L.*, 778 N.W.2d at 41)). Therefore, we join the juvenile court in declining to grant the mother an additional six months.

## IV.    Conclusion

The mother failed to properly challenge all statutory grounds for termination of her parental rights. The State established that termination of her rights is in the child's best interests. We are not persuaded that an additional six months would result in the mother fixing the problems that resulted in the removal of the child.

Accordingly, we affirm the juvenile court's ruling terminating the mother's parental rights.

**AFFIRMED.**